NEAL M'COY and MARY his wife, heirs of THOMAS TULL, deceased, *against* EPHRAIM TURK.

IN ERROR.

The treasurers of the respective counties, are the proper persons to make sale of unseated lands, to pay the arrearages of taxes: and the act of the 13th March, 1815, which gives them this authority, alters and supplies so much of the act of the 3d of April, 1804, as required a warrant from the commissioners of the county, to issue to the sheriff or coroner, in case of a sale as aforesaid.

ERROR to the Court of Common Pleas of Butler county.

This was an ejectment brought in the court below, by *M'Coy* and wife, against *Ephraim Turk*, to recover a tract of two hundred acres of land, in the first donation district of Butler county, No. 200.

It was admitted on the trial, that there was a patent to *Thomas Tull* for the tract of land for which the ejectment was brought, and also, that *Mary M'Coy* was his sole heir.

The defendant then gave in evidence, first, the duplicate of the assessment for Muddy creek township, for the year 1816–17.

Then the return of the supervisors of the said township, for the year 1816–17, to the commissioners of Butler county.

The deed from the treasurer of Butler county, dated 13th August, 1818, for the tract of land in question, under which the defendant claimed, was then offered in evidence and objected to, which objection was overruled, and the deed read in evidence.

The jury found for the defendant, and this writ of error was taken.

*Bredin*, for the plaintiff in error.

The court below erred in the admission of the treasurer's deed.

1st. Because the treasurer of Butler county commenced his sales of unseated lands in the year 1818, and before two years had elapsed from the commencement of the sales in 1816, or the time fixed by law for the sales in 1816.

2d. That no warrant had been issued by the commissioners to the treasurer, commanding him to sell the unseated lands in said county.

Two other errors were assigned and afterwards abandoned.

*Ayres*, for defendant in error.

The opinion of the court was delivered by

ROGERS, J.—Two objections have been made to the admission of the treasurer's deed in evidence. That the treasurer commenced his sales of unseated lands in 1818, and before two years had elapsed from the commencement of the sale in 1816. And that no warrant had been issued by the commissioners to the treasurer, commanding him to sell the unseated lands.

(Neál M'Coy and Mary his wife, heirs of Thomas Tull, deceased, v. Ephraim Turk.)

The first question has been already disposed of in *Hyner* v. *Coryell*, decided at the last term in Sunbury, and not yet reported.

In the second section of the act of the 3d April, 1804, the commissioners of the county are directed to issue their warrants, under their hands and seals of office, directed to the sheriff or coroner, commanding him to make public sale of the whole, or any part of such tracts of unseated land, as he may find necessary for the payment of taxes.

The act of the 13th March, 1815, which repeals so much of the act of the 3d April, 1804, as it alters and supplies, devolves these duties on the treasurer. The first section enacts that the treasurers in the respective counties, &c. shall be, and they are hereby respectively authorised and *directed* to commence on the second Monday in June, in the year one thousand eight hundred and sixteen, and at the expiration of every two years thereafter, &c. to make public sale of the whole or part, &c. as will pay the arrearages of taxes. It would seem to be the intention of the legislature by this enactment, to simplify the process of sale; for that, which under the act of 1804, was the duty of the commissioners, and the sheriff or coroner, is authorised and *directed* to be done by the treasurer alone. A warrant from the commissioners which was before in terms required, has been dispensed with. The treasurer derives his powers from the act itself, which is his warrant, commanding him, without the intervention of any other authority to sell, and fixing the times of sale biennially, commencing the second Monday of June, 1816. And from this construction, no inconvenience can result, as the treasurer possesses all the information necessary for the proper discharge of the duties imposed upon him, and must be supposed to be perfectly acquainted with the whole fiscal concerns of the county. The act of the 13th March 1815, in which respect it alters and supplies the act of 1804, vests the treasurer with the control of the whole process for the sale of unseated lands for payment of taxes, and we are not to suppose that the powers conferred upon him will be abused for purposes of private gain.

The two first errors having been properly abandoned, it is the opinion of the court that the judgment be affirmed.

Judgment affirmed.